By the Court—Woodruff, J.
If, according to the true construction of the agreement between the parties, interpreted by the assistance of any extrinsic facts which may legitimately be brought into view to aid in such construction, it be clear that the plaintiffs were bound to construct the party wall from the rear building to the street line, or a distance of sixty-six feet four *694 inches; that the defendant could maintain an action for the specific performance of that agreement and compel the plaintiffs to make such erection; and that he could if he so elected recover damages from the plaintiffs for a breach of the said agreement in their neglect to extend the wall to the street line; then in my opinion the plaintiffs have no standing in this Court upon the complaint which they have filed, and have no title to invoke the extraordinary powers of this Court as a Court of equity to restrain the defendant from doing what he proposes to do, what the plaintiffs covenanted to do, and what in equity and good conscience ought to be done.
It may be true that the defendant has not (even though his right be clear as above assumed) acquired any legal title to any portion of the plaintiffs’ land, nor a legal title to the possession thereof, nor a strictly legal right to enter thereon against the will of the plaintiffs, and that therefore such an entry would be in law a trespass; but if this be so it does not follow from such a concession that the defendant should be enjoined. It is by no means every case of trespass upon lands that warrants an appeal to a Court of equity, nor every invasion of a merely legal right that calls for the interference of that Court. If the act of the defendant does not and cannot cause any injury to the plaintiff, there is no ground upon which the jurisdiction of a Court of equity can be sustained; and, upon the assumption above stated, the acts of the defendant complained of can by no possibility in judgment of a Court of equity injure the plaintiffs; that Court must say that the defendant by doing what ought to be done, and what the plaintiffs themselves ought to have done but refuse to do, cannot injure the plaintiffs; and therefore this Court have nothing to do in the matter.
If the defendant violates the naked legal right of the plaintiffs they must seek legal redress, but equity finds no injury therein to be redressed or to be prevented. If the defendant’s acts are a trespass, he performs them at the peril of being held in a Court of law liable to legal damages. Whether in such a case they would be great or small; and whether as a mere question of law such an agreement and the breach thereof by the plaintiffs would or would not be any defense; and whether or not those circumstances would or would not reduce the damages in a Court of *695 law to a merely nominal amount, it is clear that in equity the plaintiffs being without excuse and prosecuting in resistance of the .defendant’s just and equitable rights, would be deemed entitled to nothing and should be dismissed from the Court.
If there is any rule of a Court of equity that is more than any other primary and fundamental, it is that a plaintiff seeking the aid of that Court must come with clean hands. He must do equity, or his complaint shall not be heard. In the strong language of the books, “ he that doeth iniquity shall not have equity.”
Surely a plaintiff cannot successfully invoke the aid of the Court to protect him in violating his contract, in refusing to the defendant what is the clear equitable right of the latter.
If the construction above stated is clear, these plaintiffs have induced the defendant to enter into an agreement under which they have obtained the use of a portion of his land, they have taken and are actually enjoying the benefit of all the advantages secured to them by the agreement, which they desire to take and enjoy, they have violated the agreement in a particular which is advantageous to him. They refuse to him the benefit to which he was entitled by the agreement, and now when he seeks to appropriate to himself only that portion of the land which they covenanted he should have, and to erect thereon a wall which they covenanted to erect for him, and which he is now entitled to compel them to erect for his benefit, they ask a Court of equity to interfere and protect them in their wrongdoing. And this when it is quite apparent that permanent and substantial if not irremediable mischief to the defendant’s house must result if such wall be not erected, for if not erected on the line of the portion already built, and in extension of that portion, he must either lose entirely the use of the front portion of his lot, or he must build so that his wall shall project into the front portion of his house, -and so permanently impair its usefulness and value.
On such a claim, and under such circumstances, the plaintiffs can have no standing in a Court of equity, whatever may be their strict or technical legal right to the land in question.
1 am, however’, of opinion that, as the case now appears upon the papers submitted, the defendant should be temporarily restrained from interfering with the stoop of the plaintiffs’ house or building upon their land.
*696 I do not think it clear that the plaintiffs were hound to extend the party wall further towards the street than they have done, or that the agreement, construed in the light of the extrinsic facts, contemplated any other party wall than the plaintiffs have in fact erected. And if it be not clear that the defendant is entitled to have the wall erected where he now proposes to erect it, then, until the rights of the parties in this respect can be ascertained and settled by a full investigation and a determination upon all the proofs regularly taken on a trial of the cause, all things should continue as they now are, and for this palpable reason that it is entirely clear that, if the defendant he not so entitled, his cutting away of the plaintiffs’ stoop and building on their land will do them a serious, and permanent, and, in a just sense, irreparable injury.
It is true that the general rule is, that in cases of doubt an injunction should not be granted, i. e., the plaintiffs should make a clear case; but this rule is not without qualification, and no better illustration is necessary than the present case affords. - The plaintiffs are the legal owners of the land upon which the defendant threatens to build. They are in possession, and have occupied the ground by a permanent erection. According to the ease made by them, the defendant has no right whatever to encroach upon them, unless the facts show him to he equitably entitled to build his wall where he proposes to place it. His doing so while the suit is pending will work permanent and substantial damage to the plaintiffs. In such case, if the defendant’s right is doubtful, he should not be permitted to go on until the right is settled. This is reasonable • and just. His delay can cause no loss for which he cannot be fully compensated, and for that compensation he can have security. In this respect, the condition of the parties is not equal. He can only lose the temporary use of his unimproved lot. The plaintiffs are in danger of a permanent injury to their building.
I do not design to intimate, that I am satisfied that the plaintiffs are right and that the defendant is clearly wrong in claiming to have the party wall extended, but only that, in a doubtful case of this description, all things should continue as they are i until trial and .judgment.
The doubt in my mind of the defendant’s right arises out of these considerations.
*697 Although the agreement speaks of the party wall as “ being sixty-six feet and five inches in length,” it is not denied that this description of the distance must yield if the termini are fixed and certain, and the distance between these termini is less than the description mentions.
The agreement recites that the parties of the second part are about to erect a building on their lot, and declares that it shall and may be lawful for them to erect one-half of the westerly wall of the said building from the front wall thereof to the front wall of the building now standing in the rear, upon the lot of the party of the first part.
How, it may be conceded that if nothing more appeared in the case than the added words, “ being sixty-six feet five inches in length,” it would be plain that the wall which it was lawful for the plaintiffs to build, and which they in the subsequent portion of the agreement agreed to build, was to be of that length. But if this be on the mere face of the agreement its apparent meaning, it is not its inevitable and conclusive import.
For example, suppose it were shown that at the time of the making of this agreement, the front wall of the plaintiffs’ building was definitely located, and this was known at the time to both parties; as for instance, by laying its foundations or marking out its place, or, more strongly, by its actual erection in so far as it rested on the plaintiffs’ own ground; then, most plainly, the plaintiffs would only be bound to build the westerly wall from such front wall back towards the rear to the rear building referred to.
It is not alleged that such wall had been in fact begun, but it is insisted that its location was fixed and settled, that a plan thereof had been drawn showing such location. That such plan was in the defendant’s possession, and had been made the basis of an estimate by which he offered to do the carpenter’s work of the very building in question, and that he therefore knew before the agreement was made where the front wall from which the party wall was to run, or at which it was to begin, was in fact located, so that, in contemplation of both parties and in very truth, it had a fixed location as truly as if a monument had been attached to the soil at that place.
*698 The defendant does not deny that he had the plan before the agreement was made, but he denies that he derived therefrom any knowledge that the front wall in question was not on the line of the street.
In this I do not say that the defendant may not possibly be right, but an inspection of the plan shows most clearly, as it seems to me, that the front wall at the ground of first floor of the contemplated building was not a straight line. That in the middle and by a wall of eighteen inches in thickness it projected more than two feet beyond the wall at the front entrance of the house, where it adjoined the westerly line of the lot. This was information to him either that the middle portion of the wall (which inclosed a width of over nine feet) projected into the street, or that’the front, at the place where it adjoined the westerly wall, was placed over two feet southerly of the street. It may have been possible for him to suppose that this projection was only into the space commonly used as an area way, and that such a projection was lawful though within the street lines; yet an examination of the plan, with its marks and figures, and coloring, its area steps and front platform, suggests to my own mind that a person familiar with drawings, plans and buildings, as a building carpenter may be presumed to be, could not fail to see that the proposed front wall, at the westerly end thereof, was not on the street line. Indeed the plan of the second story also shows that the front of the easterly portion thereof projects, though in a less degree, further towards the street than the front wall at the westerly end thereof.
Add to this the fact that the building was erected, the defendant being from time to time present and seeing its progress, and no suggestion was made that the front wall was not where it was contemplated it should be until after it was built. Is it probable that this wall was nearly three feet back of the line of the street, and the defendant not only did not know it but supposed it was on the street line ? He says he did not know it and his testimony is entitled to consideration, but all the circumstances seem to me to render it doubtful whether this front wall was not in fact erected" where'it had been located, and where both parties knew it was located when the agreement was made. I nevertheless desire not to state or form any decided opinion upon this *699 part of the case. I rest my conclusion on the view above stated, that the case is not so clearly with the defendant upon the papers before us, that he should be suffered, pending the litigation, to cut away the plaintiff’s stoop and build on their lot in front of their byilding.
If the plaintiffs were here seeking to restrain him from building on his own lot, the burden of removing the doubts which appear upon the evidence might devolve upon them, but all they ask now is that their own property be not interfered with.
Order appealed from reversed, and injunction ordered.